UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DANIEL L. CHIPPS, | ) | CASE NO. 4:08 CV 509 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| THOMAS L. ALTIERE, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On February 28, 2008, pro se plaintiff Daniel L. Chipps filed this action under 42 U.S.C. § 1983 against Trumbull County Sheriff Thomas L. Altiere. In the complaint, plaintiff objects to conditions of confinement in the Trumbull County jail. He also seeks $ 1,500,000.00 in damages.

**Background**

Mr. Chipps was arrested on September 18, 2007 and held in the Trumbull County Jail. He objects to a number of conditions to which he has been subjected during his confinement. He claims that he has been denied access to the law library and has been denied recreational activities. Mr. Chipps's fiancé had a baby and he was denied access to the telephone to call her or the hospital. He contends he was told that phone usage was a privilege not a right.

A dispute arose concerning the balance in Mr. Chipps's prisoner trust account. He

believed it was missing $ 50.00. He attempted to get various staff members to correct the problem but could not get a response. He states he was denied grievance forms and the assistant warden would not come to see him. He admits that he became so upset that he kicked the main door to the general population. That action got attention and Mr. Chipps was taken to segregation. In segregation, he found an officer who helped to correct the problem with his account. He claims he "was denied the process of procedure." (Compl. at 6.)

Finally, Mr. Chipps states that on another occasion, he was held unlawfully. He claims that "on or about the end of March 07, [he] was held here on a parole violation." (Compl. at 6.) His father died on March 27, 2007 and his mother called his parole officer to deliver the news. He states that his parole officer lifted the detainer but jail personnel would not release him. They claimed that he was required to post a bond in the amount of $ 150.00. He was unaware of a bond requirement and questioned the statement. He told a few corrections officers that he believed there was an error but could get no relief. Eventually a corrections officer from the third shift examined Mr. Chipps's file and determined that the bond requirement was a mistake. He was released from jail, but by that time, already had missed his father's calling hours.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Mr. Chipps cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate Sheriff Altiere to incidents described.

It appears, therefore, that Mr. Chipps has named Sheriff Altiere as the defendant because he supervises the Trumbull County Jail. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Liability therefore must lie upon more than a mere right to control employees and cannot rely on simple negligence. Id. For liability to attach to this supervisor, Mr. Chipps must prove that he did more than play a passive role in the alleged violations or show mere tacit approval of the activities. Id. Mr. Chipps must show that the sheriff somehow encouraged or condoned the actions of the jail employees. Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995). There is no suggestion in the complaint that Sheriff Altiere was aware of the different incidents concerning Mr.

---

reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Chipps or that he encouraged or actively participated in the activities.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith**.**

IT IS SO ORDERED.

S/Peter C. Economus - 6/30/08
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE